Page 2 FILED
JAN 2 3 2023
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N. C.
By:

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Marlo Dant'e Ramsey | Docket or Case No.: 11CRS53706; 12CRS50303 |
|---|---|

Place of Confinement: North Carolina Department of public Safety Adult Correctional Institution

Prisoner No.: 0816442

Petitioner (include the name under which you were convicted)

Marlo Dant'e Ramsey

Respondent (authorized person having custody of petitioner)
North Carolina Department of public Safey Adult Correctional Institution

v.

The Attorney General of the State of: NC ROY Cooper; By Special Deputy Attoney General David P. Brenskelle for the State

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: In The General Court of Justice Superior Court Division Orange County HILLSBOROUGH seat of court

   (b) Criminal docket or case number (if you know): 11CRS53706; 12CRS50303

2. (a) Date of the judgment of conviction (if you know): 5/5/2014

   (b) Date of sentencing: 5/16/14

3. Length of sentence: 360-456 months / RWDW, 2d murder

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 1 count of RWDW 1 count of 2d murder

6. (a) What was your plea? (Check one)            Alford Plea

   (1)   Not guilty ☐          (3)   Nolo contendere (no contest) ☒

   (2)   Guilty ☒              (4)   Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead Guilty to 2d murder as a lesser of 1st Degree murder and I took a Alford Plea to RWDW.

RECEIVED

2023 JAN -4 PM 2: 03

U.S. COURT OF APPEALS
FOURTH CIRCUIT

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐  Judge only ☑

7. Did you testify at a pretrial hearing, trial, or a posttrial hearing?

Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: In The DIVISION SUPERIOR COURT

(b) Docket or case number (if you know): 11CRS53706; 12CRS50303

(c) Result: Motion for Appropriate Relief and Motion for Transcript both DENIED

(d) Date of result (if you know): 20 day of August, 2018

(e) Citation to the case (if you know): I don't Know

(f) Grounds raised: (1) The courts used my Juvenile record to aggravate my sentence for Second Degree Murder. (2) The Presiding Judge HON. R. ALLEN BADDOUR racialy profiled against me, gave me the High end in which he wanted to give me more time then what he did. With the victem being Caucasian White male and me being Native American with a darker skin complexion; the Judge also told me he didn't think I was sorry for what I did and I told the court and my family and the victims family I was sorry.

(g) Did you seek further review by a higher state court? Yes ☐  No ☑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): No. P18-659 I think this is the right one I'm not for sure

(2) Result: DISMISSED DUE TO FAILURE TO ATTACH SUPPORTING DOCUMENTS.

(3) Date of result (if you know): 26 day of September 2018

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SUPREME COURT OF NORTH CAROLINA

(2) Docket or case number (if you know): I don't Know

(3) Date of filing (if you know): 18 day of April 2015

(4) Nature of the proceeding: DENIED

(5) Grounds raised: Attached is my PETITION FOR DISCRETIONARY REVIEW UNDER G.S. § 7A-31 (c)(1)-(3)

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:     Yes ☐     No ☑

    (2) Second petition:    Yes ☐     No ☑

    (3) Third petition:     Yes ☐ · · No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I didn't want to get disbarred from filing in the future on me not filing my motion the right way and I didn't know there was a time limit on me filing for the motion on postconviction

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: The State violated the terms of the Plea Agreement Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Me and the State Agreement was for a plea for a B2 Felony which I signed and I got Sentenced to a B1 felony; and my Lawyer William H Durham did not object to the state using my juvenile record and upon me getting work Release or Probation or Parole My Lawyer did not object to me having to pay for the victims funeral cost as a Restitution

(b) If you did not exhaust your state remedies on Ground One, explain why: Because I didn't have no Lawyer and at that time I didn't Know what to do as far as Legal terms go

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: The Lawyer that the court of appeals gave me did what he wanted to do and I realy didn't Know nothing about filing no paper work

(d) Post Conviction Proceedings:
   (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?   Yes ☐   No ☑
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____
   _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _Because I never had a hearing to present my case_
_and the lawyer only did PETITION FOR DISCRETIONARY_
_REVIEW UNDER G.S. § 7A-31 (c) (1)-(3) on my behalf_

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground One: _I dont have any besides_
_me filing for motion for appropriate relief and the lawyer_
_doing the PETITION FOR DISCRETIONARY REVIEW_

GROUND TWO: _Presiding Judge HON. R. ALLEN BADDOUR Racially_
_Profiled against me._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_By me being a Native American with a Darker skin tone and the_
_victim being a Caucasian white male the Judge racially Profiled_
_against me by giving me the high end of the sentenced that_
_I got and after I told the victims family and my family that_

I was sorry for what I did the Judge Said he dont think that I am sorry for what I did and he also made a comment about me and my family not taking responsebility a lack of an

(b) If you did not exhaust your state remedies on Ground Two, explain why: ability to accept and acknowledge the situation in my family by all members of my family Because the court dismiss my motion for appropriate relief and at the time I didn't Know WHAT to do.

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: The Lawyer that I was given from the Court Of Appeals was doing what he wanted to do and was not lisstioning to me and what I wanted to do

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Because I never had a chance to

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Just me filling a motion for appropriate relief and the Lawyer that I got from Court of appeals.

_____

GROUND THREE: FACTUAL BASIS ON SUSPECTS TURNED WITNESS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

3 suspects was Question and Investigated and in the end coerced and turned witness for the state, Nikita Meeks is my first cuzen, her mother and my father are brother and sister Tavares Bostic is my daughters Mother cuzen, and Garrison McDaniel is Nikita's boy friend now no one was charged in this case but me Due to Investigator Matthews TELLING them all above deferent things to coerce them to get a conviction on mr. Just to name one Investigator Matthews told Garrison McDaniel that if he Didn't tell him what happen he was going to get a life sentence Garrison McDaniel said what you want me to say that he killed the man that he robbed the man that he shot the man Investigator Matthews said yes Garrison Mc Daniel said well he shot the man he robbed the man and he killed the man

(b) If you did not exhaust your state remedies on Ground Three, explain why:

I never had a chance to

_____

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: as I have said befor the Lawyer William H Durham was not on my side from the start and he didn't even put in numberous of motion that he had claim to, and on direct appeal they told me do to me taking a plea I didn't have the right to appeal and just to menchin I had to say that I wanted to appeal for my self william H Durham didn't do anything to help me he help the state get a conviction on me

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?  Yes ☐  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?
Yes ☐  No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐  No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: I never had the chance to file the papper work and I didn't have no Lawyer to assist me with my Legal matters

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: I have any because I never had the chance to present the case the way I wanted to and I tried to get another Lawyer but I guess the Court Just swept that under the rug.

GROUND FOUR: Robbery with a Dangerous weapon / BA Second Degree Murder
RWDW 105-138 / 2d murder 255-318, 360-456 months why did I get more time for the
same crimes commited as the People named below.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Fact (1) Why I am entitled to
relief in the above said case for either a new hearing and/or dismissel of the charges I was convictid of, now in state
v of N.C. for second degree murder, attempted armed robbery he received a consolidated sentence
of 120-153 months. Fact (2) State. V. Don Tray Cole for second degree murder Robbery with Dangerous weapon
got sentenced to concurrent sentences of 107 to 138 months. Fact (3) State V. Michael Bryan from convicted of Second degree
murder and sentenced to 264-329 months. They all got less time for the same offenses that
I Mario Dante Ramsey was convicted of, now there are more cases that can be named
I just name the few that I have above.


(b) If you did not exhaust your state remedies on Ground Four, explain why: I never got the
chance to or the opportunty to present my case the Lawyer help the
State get a conviction and the Judge a long with the District Attorney
are trying to make sure that I dont have a chance to by dismissing my
motion with out a hearing
(c) Direct Appeal of Ground Four:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐  No ☑
    (2) If you did not raise this issue in your direct appeal, explain why: like I said above the
Lawyer was working with the State and didn't care about my of the
Case and would not let me get on the stand on my own behalf
(d) Post Conviction Proceedings:
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial
court?  Yes ☐  No ☑
    (2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____
_____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

    (3) Did you receive a hearing on your motion or petition?
        Yes ☐  No ☑
    (4) Did you appeal from the denial of your motion or petition?
        Yes ☐  No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: If I could not have a hearing on the issues that I raised now or what was I suppose to do without no Lawyer and no legal help at that time I didn't know much about the law and know much of anything about filing a motion to get back In court

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Just the same ones I named before with me filing a motion for appropriate relief and the Lawyer from Court of Appeals that filied the Discretionary review other than that, thats It

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☐   No ☑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: I dont think non of them have because I didn't have legal reppresentation to help me perfect my issues alleged In this case

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Other than the ones I have stated I dont have any and like I said I didn't have legal reppresentation

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐     No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **WILLIAM H DURHAM**

_____

(b) At arraignment and plea: **WILLIAM H DURHAM**

_____

(c) At trial: OPen court   **WILLIAM H DURHAM**

_____

(d) At sentencing: **WILLIAM H DURHAM**

_____

(e) On appeal: **JAMES N. FREEMAN, JR.**

_____

(f) In any post conviction proceeding: **NONE**

_____

(g) On appeal from any ruling against you in a post conviction proceeding: **NONE**

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* I was not given sufficient notice and opportunity to respond, to afford me opportunity to put forth statutory exception or equitable tolling principle that might explain relatively brief period by which petition was never filed and I also didn't have no Lawyer or no other resources at that time. as I do now with me being able to use a tablet and look up cases to help me perfect my petition on my writ of habeas corpus also when I was DENIED a Petition for writ of Certiorari I didn't know what to do or how to file the right paper work to help me with my case like I said I realy don't know nothing about the law of this paper work that has to be filed I leaned all this stuff by reading on my own and I can't read that well because I didn't finish school I mean I can read pretty well but I dont understand a lot stuff and the meaning of this and I also read something about me being able to challenge my postconviction on a writ of habeas corpus even if its been a year and I don't think my case is closed and if it is I didn't know that it was thank you for your time

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C § 2244(d) provides in part that:

   (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(continued_)

Therefore, petitioner asks that the Court grant the following relief: *NEW SENTENCING HEARING*
*With the sentences to be consoladatied or for the charges to be Droped due to*
*Possission being nine tenths of the law and If I was not In Possission of a firearm how can*
*I even be charged for a Robbery or a murder If the court dont even have no gun to even*
or any other relief to which petitioner may be entitled. *drop the charge of If they never had a firearm*
*to drop for Possission by firearm by felon/ all hearsay*

*Mario Dante Ramy pro, se;*
Signature of Attorney (if any) *I dont*
*have one.*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that
this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
*December, 29, 2022* (month, date, year).

Executed (signed) on *December, 29, 2022* (date).

*Mario Dante Ramrey pro se;*
Signature of Petitioner

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of
the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the
Constitution or laws of the United States is removed, if the applicant was prevented from filing by such
state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if
the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered
through the exercise of due diligence.
(2) The time during which a properly filed application for State post conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

---

IN FORMA PAUPERIS DECLARATION

Middle District
(Insert appropriate court)

\* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE __MIDDLE DISTRICT__ DISTRICT OF NORTH CAROLINA

File No. __11CRS53706; 12CRS50303__

| | |
|---|---|
| __Mario Dante Ramsey pro se;__ ) | |
| Petitioner, ) | OBJECTIONS TO THE |
| v. ) | RECOMMENDATION OF THE |
| __NORTH CAROLINA DEPARTMENT OF PUBLIC__ ) | U.S. MAGISTRATE JUDGE |
| __Safety Adult Correctional Institution__ ) | |
| Respondent(s). ) | |

Petitioner now comes and lodges objection to all of the Findings and Recommendations entered by the Magistrate Judge that are unfavorable to the Petitioner. Petitioner's objections are more fully explained in ___ additional sheet(s), which are attached and incorporated by reference. Petitioner is a layman of law, unable to secure legal counsel, and was not appointed counsel by the U.S. Magistrate Judge. Petitioner therefore requests that these objections be liberally construed, and that the District Court Judge review the Findings and Recommendations for the errors specified herein and any others that may be found to have occurred, and further, that Petitioner be appointed counsel to represent him/her in further proceedings, and that the relief sought in this habeas corpus petition is granted.

Respectfully submitted, this __29__ day of __December__ , 20__22__

_Mario Dante Ramsey_ pro se;
Petitioner's Signature

## CERTIFICATE OF SERVICE

This is to certify that the foregoing OBJECTIONS TO THE RECOMMENDATIONS OF THE MAGISTRATE JUDGE (with attached pages, if any), was duly served upon the following by placing a copy of same in the United States Mail, postage prepaid, and properly addressed as follows:

__Daniel O'Brien, Special Deputy
Attorney General, Appellate Section—
Criminal Division, NC Department of
Justice__
Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602

This __29__ day of __December__ , 20__22__

_Mario Dante Ramsey_ pro se;
Petitioner's Signature

UNITED STATES DISTRICT COURT
__MIDDLE DISTRICT__ DISTRICT OF NORTH CAROLINA

File No. _11 CRS 53706; 12 CRS 50303_

| | |
|---|---|
| __Mario Dante Ramsey pro, se;__ ) | |
| Petitioner, ) | |
| v. ) | NOTICE OF APPEAL |
| NORTH CAROLINA DAPARTMENT OF PUBLIC Safety ) | |
| Adult Correctional institution ) | |
| Respondent(s): ) | |

Petitioner now comes and gives notice of appeal to the United States Court of Appeals

for the Fourth Circuit from the final order of the Honorable

__ALLEN BADDOUR Superior court__, U.S. District Court Judge, dated

__20 day of August, 2018__, denying the relief sought in this habeas corpus

proceeding

Respectfully submitted, this __29__ day of __December__, 20__22__

_Mario Dante Ramsey pro se;_
Petitioner's Signature

CERTIFICATE OF SERVICE

This is to certify that the foregoing NOTICE OF APPEAL has been duly by placing a
copy of same in the United States Mail, postage prepaid, and properly addressed as follows:
Daniel O'Brien, Special Deputy
Attorney General, Appellate section
Criminal Division NC Department of Justice
Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602

This __29__ day of __December__, 20__22__

_Mario Dante Ramsey pro, se;_
Petitioner's Signature

# UNITED STATES DISTRICT COURT

## FOR THE FOURTH CIRCUIT

File No. _11CRS53706; 12CRS50303_

Marlo Dant'e Ramsey pro,se; )
       Petitioner, )
        )
NORTH CAROLINA DAPARTMENT OF PUBLIC Safety )
Adault Correctional institution )
       Respondent(s). )

    REQUEST FOR A CERTIFICATE
OF APPEALABILITY

    Pursuant to 28 U.S.C. 2253(c)(1), Petitioner requests that the Court issue Petitioner a certificate of appealability because he/she has made a substantial showing of the denial of a constitutional right based upon the issues presented in his/her Petition for Writ of Habeas Corpus. The specific issues that Petitioner seeks to appeal are the following: [list issues]

    Respectfully submitted, this _29_ day of _December_____, 20_22_

                       Marlo Dant'e Ramsey pro,se;
                       Petitioner's Signature

# CERTIFICATE OF SERVICE

This is to certify that the foregoing REQUEST FOR CERTIFICATE OF APPEALABILITY has been duly served by placing a copy of same in the United States Mail, postage prepaid, and properly addressed as follows:

Daniel O'Brien, Special Deputy Attorney
General, Appellate Section - Criminal Division NC
Department of JUSTICE
Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602

This ᒿ9 day of December , 20 ᒿ2

Maro Dante Ramsey pro se;
Petitioner's Signature

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
COUNTY OF ORANGE      SUPERIOR COURT DIVISION

STATE OF NORTH CAROLINA,     )
                   2018 AUG 24 P 1: 14
       v.          )     11 CRS 53706
                ORANGE CO., )  12 CRS 50303
                   )
MARIO DANTE RAMSEY,     BY_____ )
                   )
     Defendant.       )

## ORDER

This matter comes before this Court on the defendant's Motion for Appropriate Relief filed June 5, 2018. The Court has reviewed and considered the record proper, including Defendant's motion and the court files. Based on its consideration of the matters noted above, the Court finds and concludes as a matter of law that it has the requisite jurisdiction to address the matters contained in Defendant's motion without a hearing.

1. Pursuant to the express terms of a plea arrangement, Defendant pled guilty to second degree murder and guilty pursuant to Alford to Robbery with a Dangerous Weapon. He stipulated to two aggravating factors (prior probation revocation and juvenile adjudication for Class E Felony) and the state stipulated to two mitigating factors (accepted responsibility and mental condition reducing culpability).

2. For the second degree murder, the plea arrangement called for the defendant to receive an active sentence in the court's discretion of between 135 months minimum and 174 months maximum up to 255 months minimum and 318 months maximum. On the robbery, the agreed upon sentence was 105 months minimum and 138 months maximum.

3. On May 16, 2014, the undersigned sentenced the defendant to consecutive terms of 105-138 months followed by 255-318 months.

4. The defendant appealed his conviction and judgment and the North Carolina Court of Appeals found no error on March 17, 2015.

5. The defendant has filed a motion for a transcript of the proceedings. The court notes that the Appellate Entries in this case ordered the production of a

transcript and thus the defendant has failed to establish the need for an additional transcript to be produced.

6. The defendant's motion for appropriate relief is simply a collection of string cites. He makes no allegations of error other than suggesting that a stipulation (to an aggravating factor) is not equivalent to a guilty plea. However, in this case, the defendant has *both* stipulated to aggravating factors *and* pled guilty to the crimes of second degree murder and robbery with a dangerous weapon.

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. The defendant's plea of guilty and stipulation to the aggravating factor were made knowingly, understandingly, and voluntarily.

2. Defendant received the benefit of his bargain, and he has presented no evidence to the contrary.

Based on its consideration of the matters noted above, the Court concludes as a matter of law that the defendant's assertions (to the extent he made any) are without merit and that the relief that he seeks is not justified in law or in fact.

Accordingly, IT IS ORDERED in an exercise of the Court's discretion that defendant's Motion for Appropriate Relief and his Motion for a Transcript are both DENIED.

IT IS FURTHER ORDERED that a copy of this ORDER shall be mailed to defendant by the Clerk of Court.

This the 20 day of August, 2018.

Allen Baddour
Superior Court Judge

## SUPREME COURT OF NORTH CAROLINA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| STATE OF NORTH CAROLINA | ) | |
|---|---|---|
| | ) | |
| v. | ) | From ORANGE |
| | ) | |
| MARIO DANTE RAMSEY | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DISCRETIONARY REVIEW
## UNDER G.S. § 7A-31(c)(1)-( 3)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# INDEX

TABLE OF AUTHORITIES ..............................................................2

STATEMENT OF THE FACTS .......................................................2

REASONS WHY CERTIFICATION SHOULD ISSUE................................7

I. THE TRIAL COURT'S COMMENTS MADE IT CLEAR THAT IT ABUSED ITS DISCRETION IN FAILING TO PROPERLY CONSIDER THE STIPULATED MITIGATED FACTOR THAT MR. RAMSEY SUFFERRED FROM CONDITION THAT WHILE INSUFFICIENT TO CONSTITUTE A DEFENSE, SIGNIFICANTLY REDUCED HIS CULPABILITY FOR THE CHARGED OFFENSE DESPITE THE UNCONTROVERTED EVIDENCE DEFENDANT HAD AN IQ OF BETWEEN 75 AND 78 AND FRONTAL LOBE DISFUNCTION . .7

CONCLUSION.............................................................................. 11

ISSUES TO BE BRIEFED ...................................11

CERTIFICATE OF FILING AND SERVICE........................12

ATTACHMENT:  Opinion in *State v.Ramsey*
No. COA14-1095, (N.C. App. 17 March 2015)

# TABLE OF AUTHORITIES

CASES                                                    PAGE

*State v. Parker,* 315 N.C. 249, 337 S.E. 2d. 497 (1985)…………..10


*State v. Ramsey,* No. COA14-1095 (N.C. App. 17 March 2015)…2, 8

STATUTES

N.C.G.S. § 7A-31(c)(1)-(3)………………………………………….2

OTHER PROVISIONS

N.C.R.A.P., Rule 15 ………………………………………….… 3

No.                                         FIFTEEN B JUDICIAL DISTRICT

SUPREME COURT OF NORTH CAROLINA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF NORTH CAROLINA          )
                                 )
                v.               )          From ORANGE
                                 )
MARIO DANTE RAMSEY               )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DISCRETIONARY REVIEW
## UNDER G.S. § 7A-31(c)(1)-( 3)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE SUPREME COURT OF NORTH CAROLINA:

Defendant-Petitioner Mario Dante Ramsey hereby petitions this Court pursuant to N.C.G.S. § 7A-31(c)(1)-(3) and Rule 15 of the North Carolina Rules of Appellate Procedure to certify one question for discretionary review, the issue having been decided against petitioner by the Court of Appeals in *State v. Ramsey,* No. COA14-1095 (N.C. App. 17 March 2015), a copy of which is attached.

The decision below was issued in direct contravention of rulings from this Court and involves an issue of great importance to the jurisprudence of this state, which this Court has not commented on in some time. As such, this question is ripe for review by this Court.

## STATEMENT OF THE FACTS

Melissa Ann Bowman is Mr. Ramsey's mother and she raised him and his siblings. Mr. Ramsey's father lived with them the first eleven years of Mario's life,

but he was not a good influence. Mario's father was addicted to alcohol, marijuana, and cocaine. He squandered all of the family's resources trying to pay for his addiction. When he was high, he would get violent with Ms. Bowman and the children, often hitting and choking them until she would intervene. (Tpp.43-47)

In 2004, Mario was struck by a bus who ran a red light while on his bike. He suffered numerous broken bones and a closed head injury. Ms. Bowman testified that he suffers from headaches, anger issues and blackouts still related to the bus accident. (Tpp.50-51)

Dr. James Hilkey testified as an expert in forensic psychology. Dr. Hilkey interviewed Mario on four separate occasions. He also was able to administer a number of psychological tests, and review the discovery in the case. Hilkey described Mario as generally cooperative, though childish at times during their interviews. Dr. Hilkey also relayed that at times Mario could get agitated. In particular, Dr. Hilkey relayed that on one visit Mario seemed paranoid, almost delusional about the Public Defender's office and that they were conspiring against him. He could not give Dr. Hilkey any specifics, and Hilkey felt that this went beyond a person who felt maligned and rose to a paranoid, almost delusional level. Hilkey opined that Mario tried to mask his deficiencies but there were serious problems with his thinking and especially how he reacted to his feelings. (Tpp.56-8)

Hilkey administered the Wechsler Adult Intelligence Scale to Mario. His full scale IQ was 78. Compared with other IQ tests administered to Mario when he was in school, his IQ had fell markedly from age 6, when his IQ measured 99. Hilkey testified that his school records showed testing later which showed a drop in IQ and a referral for psychological evaluation because of his conduct in school. From an early age, Mario had impulse control problems and wild mood swings that would sometimes turn aggressive. His IQ testing later in life for social security disability showed a drop to 75 in full scale IQ. (Tpp.60-63)

Dr. Hilkey was provided history that showed Mario was "huffing" glue and petrochemicals at the ages 4-6; had begun drinking alcohol at the age of 10; and suffered numerous head injuries from falls from a crib to the bus accident described above. (Tp.63)

Dr. Hilkey also administered two personality inventories; the MCMI-III, and the Rorschach Inkblot Test. Hilkey found that Mario was guarded during the testing, trying to mask his psychological problems so the scales are probably more pronounced than shown. Mario's testing showed that he tended to infer the wrong things from innocuous events and may be overly suspicious. Hilkey testified that this is consistent with someone who has cognitive impairment. (Tpp.65-6)

Dr. Hilkey reviewed a CT scan that did show no major structural damage to Mario's brain after the bus accident. Dr. Hilkey opined that the brain can

still have post concussive reactions to brain injuries that do not show up at the time of examination. (Tp.74)

Dr. Hilkey opined that he believed Mario had borderline intellectual functioning. He was not mentally retarded, but has significant problems in terms of learning. From his previous testing, Dr. Hilkey testified Mario suffered from mild cognitive impairment. His problems are focused in the frontal lobe of his brain which affect judgment and impulsivity. Hilkey testified that there was some deteriorating over time as Mario had a drug addiction that had escalated and had been homeless during the time prior to his incarceration. Later testing showed he had an organic mental disorder, chronic brain syndrome. The other diagnosis was personality disorder with paranoid and antisocial features. Hilkey testified that the antisocial features of the personality disorder tend to lessen with age and will "burn out" by age 45-50. (Tpp.77-79)

Hilkey testified that the above factors certainly affected Mario and his actions on the date in question. In highly aroused and chaotic situations, he is more affected by his personality disorder and cognitive impairments. (Tpp.80-1)

Dr. David Michael Hattem testified as an expert in forensic psychology. He testified that though Mario had borderline intellectual functioning and was intoxicated on the occasion in question, he believed he had the requisite mental capability to form intent and carry out his plans. Hattem admitted that he only

interviewed Mario once for two hours. He did no psychological or intelligence testing of Mario either. (Tpp.86; 90-1).

## REASONS WHY CERTIFICATION SHOULD ISSUE

**I.    THE TRIAL COURT'S COMMENTS MADE IT CLEAR THAT IT ABUSED ITS DISCRETION IN FAILING TO PROPERLY CONSIDER THE STIPULATED MITIGATED FACTOR THAT MR. RAMSEY SUFFERRED FROM CONDITION THAT WHILE INSUFFICIENT TO CONSTITUTE A DEFENSE, SIGNIFICANTLY REDUCED HIS CULPABILITY FOR THE CHARGED OFFENSE DESPITE THE UNCONTROVERTED EVIDENCE DEFENDANT HAD AN IQ OF BETWEEN 75 AND 78 AND FRONTAL LOBE DISFUNCTION**

Mr. Ramsey pled guilty to both second degree murder and robbery with a dangerous weapon. As part of his plea agreement, Mr. Ramsey and the State stipulated that two aggravating and two mitigating factors existed for sentencing purposes: Aggravating factors were defendant has, during the 10 year period prior to the commission of the offense from which defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation, and defendant has previously been adjudicated delinquent for an offense that would be a Class A-E felony if committed by an adult; Mitigating factors were defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability, and defendant has accepted responsibility for the defendant's criminal conduct. The sentence range

for the second degree murder charge was to be determined by the sentencing judge. (Rp.13)

The Court of Appeals contended that the trial court was within his discretion to attach whatever significance it wanted to any of the mitigating or aggravating factors, and its decision to impose an aggravated sentence on the second degree murder charge was within its discretion. *State v. Ramsey,* (Slip. Op. at p.4) However, when the trial court's own comments reveal that it not only failed to consider one of the stipulated statutory mitigating factors, but appeared to aggravate Mr. Ramsey's sentence as a result, an abuse of discretion occurred.

As detailed above, Mr. Ramsey elicited detailed testimony from both his mother and Dr. James Hilkey regarding his abusive father; traumatic childhood; and low functioning mental capacity which found his full scale IQ to range between 75 and 78. (Tpp.60; 74-5) Even the State's expert, Dr. Hattem, admitted that Mr. Ramsey had borderline intellect, but felt he could differentiate between right and wrong. (Tp.90) Because of his plea, Mr. Ramsey did take responsibility for his actions as he told the sentencing court. (Tp.104-5)

Contrast this with the two aggravating factors which dealt solely with Mr. Ramsey's juvenile criminal record, and his past record on probation. Even in those two instances, his juvenile criminal record was an adjudication of what would have been a Class E felony if he had been an adult, the lowest level that still qualifies for

that aggravating factor; and the matter his probation had been violated on occurred seven years before the conduct in question. (Tp.106; Rp.27)

As stipulated by the State, Mr. Ramsey took responsibility for his conduct and told the trial court as much in open court at sentencing. However, the trial judge seemed not only to discount the overwhelming evidence of Mr. Ramsey's mental condition, but point to his choice of words as somehow aggravating his sentence despite his clear mental limitations:

> I find it somewhat interesting that you have said
> that the way you have, "that this took place" as opposed to
> "that I did this." I find that somewhat instructive. I'm
> sure that that is in part due to your cognitive ability. But
> when I hear your mom talking about "he was always a good kid"
> and I read the records that your -- you have introduced
> talking about the Individual Education Plans, talking about
> behavioral and emotional problems throughout your life, there
> seems to be a lack of an ability to accept and acknowledge the
> situation in your family by all members of your family.

(Tp.105)

The trial court appears to equate Mr. Ramsey and his family having sought help through the school system with an Individual Education Plan as somehow a "lack of an ability to accept and acknowledge the situation in your family by all members of your family". The trial court also enhanced rather than lessened Mr. Ramsey's culpability further by the words Mr. Ramsey used in apologizing to the

victim's family and his own family for his actions. Telling in the trial court's comments is the lack of mention of either of the aggravating factors and how they played in negating the mitigating factors, or as a basis to aggravate the murder sentence. Again the trial court simply applauded the victim's family for their courage in accepting their situation "that for whatever reason [Mr. Ramsey] and [his] family have not been able to come to." (Tp.105-6)

This Court opined: "[w]e will not ordinarily disturb the trial judge's weighing of aggravating and mitigating factors. When, however, there is no rational basis for the manner in which the aggravating and mitigating factors were weighed by the sentencing judge, his decision will amount to an abuse of discretion." *State v. Parker,* 315 N.C. 249, 258, 337 S.E. 2d. 497, 503 (1985) Further, "In some cases a single, relatively minor aggravating circumstance simply will not reasonably outweigh a number of highly significant mitigating factors. Although the balancing of aggravating and mitigating circumstances is left to the sentencing judge's discretion, this decision is not totally insulated from all meaningful appellate review." *Id.* at 260, 337 S.E. 2d. at 503-4.

This is one of those rare instances where the trial judge's comments shed light on his thought process in considering the sentencing evidence before him. As detailed above, He did not even mention the aggravated factors stipulated to, but instead appeared to compare the reaction of Mr. Ramsey's family to the victim's

family as primary in his decision to aggravate Mr. Ramsey's sentence. As the trial judge failed to properly consider and evaluate the statutory mitigating factor both the State and Defendant stipulated existed as the legislature intended, he abused his discretion in finding the aggravating factors outweighed the mitigating factors, and sentencing Mr. Ramsey to an aggravated sentence for second degree murder. As such, Mr. Ramsey is entitled to a new sentencing hearing.

## Conclusion

For all the foregoing reasons, Defendant-Appellant respectfully requests this Court to certify the decision below for discretionary review.

## **ISSUES TO BE BRIEFED**

I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN FINDING THE AGGRAVATING FACTORS OUTWEIGHED THE MITIGATING FACTORS AND SENTENCING MR. RAMSEY TO AN AGGRAVATED SENTENCE FOR SECOND DEGREE MURDER?

Respectfully submitted this the 18th day of April, 2015.

/s filed electronically pursuant to Rule 26
James N. Freeman, Jr.
James N. Freeman, Jr., P.C.
P.O Box 347
Elkin, NC 28621
(336)835-4407
jfreeman@rivercto.net
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the above and foregoing Petition for Discretionary Review Under G.S. §§ 7A-31(c)(1)-(3)  by serving the attorney for the State at her last known email address at Mr. David P. Breskelle Special Deputy Attorney General: DBrenskelle@ncdoj.gov

This the <u>18th</u> day of April, 2015.

<u>/s served electronically pursuant to Rule 26</u>
James N. Freeman, Jr.
James N. Freeman, Jr., P.C.
P.O. Box 347
Elkin, NC 28621
(336)835-4407
jfreeman@rivercto.net

Dear

# NC FEDERAL DISTRICT COURT My

Name is Marlo Dant'e Ramsey 0816442 a inmate in the North Carolina Department of Public Safety Adult Correctional Institution I'm writing this letter because I filed my motion in the United States Court of Appeals for the Fourth Circuit for writ of Habeas Corpus by a person in State Custody I didn't Know that I was not to file with them at this time so the Fourth Circuit sent me my paper work back so I could send it to the right place I'm sorry for my delay in me filing my Petition under 28 U.S.C. § 2254 For writ of Habeas Corpus

Can the NC Federal District Court please except my proposed filling I know that it is a time limit to filing and I'm not for sure if my time has ran out but I didn't know at that time of filing that it was a time limit and I didn't want to get disbared from filing if I didn't do my paper work right also I didn't know to much about the law and I still don't but the little bit I do know came from me reading off of the law library on the tablit and asking N.C.P.L.S for help in areas that I don't understand so again I ask the NC FEDERAL DISTRICT COURT to please except my proposed filing thank you for your time

Marlo Dant'e Ramsey

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
LEWIS F. POWELL, JR. UNITED STATES COURTHOUSE ANNEX
1100 EAST MAIN STREET, SUITE 501
RICHMOND, VIRGINIA 23219-3517
WWW.CA4.USCOURTS.GOV

PATRICIA S. CONNOR
CLERK

TELEPHONE
(804) 916-2700

January 11, 2023

Mario Dant'e Ramsey
0816442
Eastern Correctional
P.O. Box 215
Maury, NC 28554

Re: **Proposed Filing**

Dear Mr. Ramsey:

This acknowledges receipt by this court of your petition under 28 U.S.C. § 2254. Please be advised that this court has jurisdiction over matters appealed from federal district courts within our circuit, original proceedings arising from federal district courts within our circuit and appeals from certain federal agencies. A search of our docket does not reveal a pending matter to which this document might attach. Accordingly, we are without jurisdiction to entertain same.

A petition under § 2254 is properly filed in the federal district court and your proposed filing is returned that you may properly redirect it.

Sincerely,

/s/ Nwamaka Anowi
Chief Deputy Clerk

NA:cad
Enclosure